DLD-225                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1376
_____

MICHAEL EVAN KEELING, MR.,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
MONTGOMERY COUNTY DISTRICT ATTORNEY OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-06764)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 6, 2013)
_____

OPINION
_____

PER CURIAM

       Pro se Appellant Michael Evan Keeling, a Pennsylvania state prisoner, appeals from an

order of the United States District Court for the Eastern District of Pennsylvania dismissing his

habeas corpus petition pursuant to 28 U.S.C. § 2241 and denying his motion for

reconsideration.[1]   We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

Keeling has filed several petitions for habeas relief challenging his conviction of robbery and related offenses in Montgomery County, Pennsylvania.   See, e.g., Keeling v. Shannon, C.A. No. 03-3808 (denying certificate of appealability); Keeling v. Shannon, C.A. No. 04-1219 (same); Keeling v. Shannon, C.A. No. 04-3924 (same).   In April 2012, we rejected Keeling's argument that he could seek relief via 28 U.S.C. § 2241, explaining that his challenges to his convictions must be made via § 2254.   We declined to authorize his filing of another § 2254 petition, however.   See In re: Michael Keeling, C.A. No. 12-1030.

Undeterred, on December 4, 2012, Keeling filed the instant § 2241 petition in the District Court, which dismissed it, explaining that pursuant to its prior directives, Keeling is prohibited from filing any pleadings which seek habeas corpus relief without first obtaining the approval from the District Court or this Court.   Keeling filed a motion for reconsideration, which the Court denied.   Keeling then timely filed this appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.   We review de novo the District Court's dismissal of Keeling's habeas petition.   Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).   We review the denial of his motion for reconsideration for abuse of discretion.

---

[1] Because Keeling's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of Keeling's § 2241 petition, as well as its denial of his motion for reconsideration.   LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007).

Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Having granted Keeling leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### III.

The District Court properly dismissed Keeling's § 2241 petition. State prisoners must bring challenges to the execution or conditions of their sentences under § 2254, not § 2241. See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001). Here, after filing several unsuccessful § 2254 petitions, and a recent failed attempt to gain authorization from this Court to file a second or successive § 2254 petition, Keeling again sought to circumvent the requirements for filing a second or successive § 2254 petition, as set forth in § 2244(b), by filing his petition in the District Court under § 2241. The District Court was therefore correct to dismiss Keeling's § 2241 petition. See id. at 485 ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241").[2]

### IV.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

_____

Procedure 59(e). See Lazaridis v. Wehmer, 591 F.3d 666,669 (3d Cir. 2010) (per curiam) (citation omitted).

_____

[2] We conclude that the District Court properly denied Keeling's motion for reconsideration because it did not meet the requirements under Federal Rule of Civil Procedure 59(e). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted).